# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LARRY HARGROVE, ) | |
| ) | Case No. 16 CV 7086 |
| Movant, ) | |
| ) | Criminal Case No. 01 CR 101-4 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Larry Hargrove moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Dkt. 1.)[1] On June 22, 2005, a jury convicted Hargrove of one count of racketeering conspiracy in violation of 18 U.S.C. 1962(d) (count 1), one count of conspiracy to possess with intent to distribute and to distribute cocaine and marijuana in violation of 21 U.S.C. § 846 (count 2), one count of conspiracy to commit robbery and extortion in violation of 18 U.S.C. §§ 1951 (Hobbs Act conspiracy) (count 4), and one count of possessing a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) (count 6). (Cr. dkt. 129.) Hargrove was sentenced to 156 months' imprisonment on counts 1, 2, and 4, to run concurrently. He was also sentenced to a mandatory consecutive 60 months for the § 924(c)(1)(A) conviction. (Cr. dkt. 143.) Additionally, Hargrove was sentenced to three years' supervised release on counts 1, 2, and 4, as well as five years of supervised release on count 6, running concurrently. (Cr. dkt. 152.) According to the Bureau of Prisons' website, https://www.bop.gov/inmateloc, Hargrove is scheduled to be released from custody on February 24, 2021.

---

[1] References to the docket in Hargrove's underlying criminal case, *United States* v. *Hargrove*, No. 01 CR 101-4 (N.D. Ill.) are cited as (cr. dkt. __). References to the present civil proceeding are cited as (dkt. __).

1

Hargrove filed his pro se habeas petition on July 1, 2016, seeking relief from his consecutive sentence under § 924(c)(1)(A) in light of the Supreme Court's decision in *Johnson* v. *United States*, 576 U.S. ---, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). The government responded in opposition. Having considered the submissions of the parties, the court grants the motion to vacate the sentence.

## LEGAL STANDARD

Section 2255 allows a person held in federal custody to petition the sentencing court for an order vacating, setting aside, or correcting his sentence. 28 U.S.C. § 2255(a). Relief under § 2255 is "reserved for extraordinary situations." *Hays* v. *United States*, 397 F.3d 564, 566 (7th Cir. 2005) (quoting *Prewitt* v. *United States*, 83 F.3d 812, 816 (7th Cir. 1996)). A petitioner must establish "that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Id.* at 566–67 (quoting *Prewitt*, 83 F.3d at 816). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C § 2255(b).[2]

## ANALYSIS

Hargrove was sentenced to the mandatory minimum of 60 months' imprisonment under 18 U.S.C. § 924(c)(1)(A)(i), which applies to a defendant who uses or carries a firearm during the commission of any "crime of violence." A "crime of violence" is defined as a felony that

---

[2] Generally, the statute of limitations for filing a collateral attack under § 2255 is one year from the date the petitioner's conviction becomes final. 28 U.S.C. § 2255(f)(1). A motion may also be filed, however, within one year after a right is newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3). The government declines to assert a statute of limitations defense. (Dkt. 11 at 4, n.1.)

either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A) (force clause), or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the [felony]," *id*. § 924(c)(3)(B) (residual clause). At trial, the jury was instructed as to count 6 that

> To prove the defendant guilty of the weapons offense charged in Count Six, the government must prove the following propositions:
>
> First, that the defendant committed the crime of conspiracy to commit robbery, as charged in Count Four; and
>
> Second, that the defendant knowingly possessed in furtherance of, or carried a firearm during and in relation to that crime.

(Cr. dkt. 127 at 42.) Therefore, Hobbs Act conspiracy was the underlying crime of violence for Hargrove's conviction on count 6.

In *Johnson*, the Supreme Court held unconstitutionally vague the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). *See Johnson*, 135 S. Ct. at 2557. Hargrove argues that his sentence under § 924(c) cannot be sustained because *Johnson* renders the statute's similar residual clause unconstitutionally vague. In response, the government argues that Hobbs Act robbery is a crime of violence under the statute's force clause. This argument is misdirected because, as the government concedes, the predicate crime of violence was not Hobbs Act robbery, but rather *conspiracy* to commit Hobbs Act robbery.

## I. The Constitutionality of § 924(c)'s Residual Clause Post-*Johnson*

In *Johnson*, the Supreme Court held that ACCA's residual clause, 18 U.S.C. § 924(e)(2), is unconstitutionally vague. *See Johnson*, 135 S. Ct at 2557. Applying the new constitutional rule

3

announced in *Johnson*,³ the Seventh Circuit found § 924(c)(3)(B) likewise unconstitutionally vague. *See United States* v. *Cardena*, 842 F.3d 959, 995–96 (7th Cir. 2016). Accordingly, if Hargrove's conviction under § 924(c) is to be upheld, the court must find that Hobbs Act conspiracy fits within the scope of § 924(c)'s force clause.

## II. Whether Hobbs Act Conspiracy Is a Crime of Violence Under § 924(c)'s Force Clause

Hargrove argues that Hobbs Act conspiracy does not qualify as a crime of violence under the force clause because its elements do not satisfy the clause's requirement of the "use, attempted use, or threatened use of physical force." To determine when "a predicate offense qualifies as a 'crime of violence' under § 924(c), courts use a categorical approach looking only to the statutory elements of the offense and not to the particular facts underlying the offense." *United States* v. *Coleman*, No. 14 CR 664, 2016 WL 1435696, at *2 (N.D. Ill. Apr. 12, 2016) (citing *Descamps* v. *United States*, 570 U.S. ---, 133 S. Ct. 2276, 2283, 186 L. Ed. 2d 438 (2013)). "To prove . . . Hobbs Act conspiracy, the government must establish that two or more persons agreed to commit an unlawful act, and that the defendant knowingly and intentionally joined in the agreement." *United States* v. *Haynes*, 582 F.3d 686, 698 (7th Cir. 2009), *abrogated on other grounds* by *United States* v. *Vizcarra*, 668 F.3d 516 (7th Cir. 2012).

The government contends that Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A) because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." The government, however, provides no authority in this circuit, nor does this court's research reveal any, recognizing the offense of Hobbs Act conspiracy as constituting a crime of violence under § 924(c)'s force clause.

---

³ In *Welch* v. *United States*, 578 U.S. ---, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016), the Court declared that *Johnson* articulated a new, substantive constitutional rule retroactively applicable to cases on collateral review.

4

Moreover, other circuits that considered this issue pre-*Johnson* primarily found Hobbs Act conspiracy to qualify as a crime of violence solely by operation of § 924(c)'s residual clause. *See, e.g.*, *United States* v. *Turner*, 501 F.3d 59, 67 (1st Cir. 2007) (finding that Hobbs Act conspiracy satisfies § 924(c)'s residual clause); *United States* v. *Elder*, 88 F.3d 127, 128–29 (2d Cir. 1996) (noting same); *United States* v. *Phan*, 121 F.3d 149, 152–53 (4th Cir. 1997) (noting same); *United States* v. *Taylor*, 176 F.3d 331, 337–38 (6th Cir. 1999) (noting same); *United States* v. *Mendez*, 992 F.2d 1488, 1491–92 (9th Cir. 1993) (noting same). Post-*Johnson*, several courts have explicitly rejected the argument that Hobbs Act conspiracy satisfies the force clause's definition of a crime of violence. *See, e.g.*, *United States* v. *Edmundson*, 153 F. Supp. 3d 857, 859 (D. Md. 2015), as amended (Dec. 30, 2015) (finding that "it is undisputed that Hobbs Act Conspiracy can be committed even without the use, attempted use, or threatened use of physical force against the person or property of another"); *United States* v. *Luong*, CR. NO. 2:99-00433 WBS, 2016 WL 1588495, at *2 (E.D. Cal. Apr. 20, 2016), *appeal docketed*, No. 16-10220 (9th Cir. May 24, 2016) (holding that conspiracy to commit Hobbs Act robbery did not satisfy the force clause because a jury would "not [be] required to find that [defendant] used, attempted to use, or threatened to use physical force in order to find him guilty of conspiracy"); *United States* v. *Smith*, No. 2-11-CR-00058-JAD-CWH, 2016 WL 2901661, at *5 (D. Nev. May 18, 2016) (finding that "[a]greeing to commit a robbery does not necessarily involve the use, attempted use, or threatened use of physical force"); *United States* v. *Baires-Reyes,* No. 15-CR-00122-EMC-2, 2016 WL 3163049, at * 3 (N.D. Cal. June 7, 2016) (stating "it appears that Congress intended for crimes such as conspiracy to commit Hobbs Act robbery—which involve a substantial risk that physical force would be used in the course of committing the offense—to be covered by the residual clause, not the force clause").

Because neither of the elements of Hobbs Act conspiracy requires the conspirator to use, attempt, or threaten the use of physical force, Hobbs Act conspiracy does not categorically qualify as a crime of violence under § 924(c)'s force clause. Therefore, Hargrove's Hobbs Act conspiracy conviction does not constitute a crime of violence under § 924(c)(3)(A).

**CONCLUSION AND ORDER**

For the foregoing reasons, Hargrove's 28 U.S.C. § 2255 motion (dkt.1) to vacate his mandatory 60-month sentence and five years of supervised release imposed under 18 U.S.C. § 924(c)(1)(A) is granted. His three year term of supervised release imposed on counts 1, 2, and 4 stands. This case is set for hearing on September 27, 2017 at 9:00, at which time the United States must show cause why Hargrove should not be released forthwith from the physical custody of the Bureau of Prisons. The Federal Defender is requested to appear on behalf of Hargrove.

Dated: September 19, 2017

_____
U.S. District Judge Joan H. Lefkow